UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL THOMPSON                                    CIVIL ACTION

VS.                                                NO. 3:20-CV-00364

LIFE INSURANCE COMPANY OF NORTH AMERICA

**COMPLAINT**

The Complaint of Michael Thompson respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, Michael Thompson**, of lawful age and a resident of Vidalia, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, Transocean, Inc. and an insured participant of a group disability policy issued by Life Insurance Company of North America.

4. **Defendant, Life Insurance Company of North America ("LINA")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, LINA is incorporated in Pennsylvania, and its principal place of business is in the state of Pennsylvania.

5. LINA issued a group policy insuring the employees of Transocean, Inc. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7.  Plaintiff filed a claim for disability benefits with the Plan because his medical condition precludes him from continuing to perform the duties of his job on a fulltime basis.

8.  Plaintiff is disabled from performing his previous job as well as suitable alternative occupations.

9.  Plaintiff is disabled under the terms of the disability policy issued by LINA.

10. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

11. LINA approved Plaintiff's benefits and paid them for a period.

12. LINA unlawfully terminated Plaintiff benefits he is entitled to under terms of the disability policy.

13. Plaintiff appealed the denial by letter of December 10, 2019 submitting additional evidence demonstrating that he is disabled under policy terms, including a letter from his doctor supporting that he is unable to return to work, an FCE examination demonstrating that he lacked fulltime work capacity, vocational information demonstrating that the alternative jobs suggested by LINA were unsuitable, among other documents.

14. Under ERISA, LINA had 45 days in which to decide the appeal after it was submitted.  29 C.F.R. § 2560.503-1.  Under the regulations, LINA could have also requested a one-time 45-day extension in which to decide the appeal. Thus, at most LINA had 90 days to render a decision.

15. LINA has failed to render a decision within 45 days as required by ERISA and therefore Plaintiff's administrative remedies are deemed exhausted.

16. The standard of review in this matter is de novo.

17. LINA's denial of this claim is not based on substantial evidence.

18. Plaintiff has proved by a preponderance of the evidence that he is disabled under policy terms and entitled to ongoing disability benefits.

19. Plaintiff has exhausted his administrative remedies and now files this suit to reverse LINA's denial of benefits.

20. LINA administered Plaintiff's claim with an inherent and structural conflict of interest as LINA is liable to pay benefits from its own assets to Plaintiff, and each payment depletes LINA's assets.

21. Plaintiff has been denied the benefits due to him under the Plan, has suffered, and is continuing to suffer economic loss as a result.

22. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

23. Defendants' denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to him under the Plan.

24. Plaintiff is entitled to an award of attorney fees due to LINA's wrongful denial of his disability benefits.

25. The group policy in question was issued and delivered in Texas and, as such, Texas's ban on discretionary clauses applies.  <u>Section 3.1203 of Title 28 of the Texas Administrative Code; Section 1701.062 of the Texas Insurance Code</u>.  Thus, the standard of review is de novo.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3.  For costs of suit; and

4.  For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
Telephone: (504) 582-1286
Fax: (313) 692-5927
Email: rtoledano@willefordlaw.com